IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEITH BOYE, )
)
      Plaintiff, )    3:20-cv-00958
)
v. )
)
STEPHENSON NATIONAL BANK & TRUST, )
)
      Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, KEITH BOYE, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against STEPHENSON NATIONAL BANK & TRUST, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. KEITH BOYE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the Oneida County, State of Wisconsin

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

1

6. STEPHENSON NATIONAL BANK & TRUST, (hereinafter, "Defendant") is a business entity and national bank that provides both consumer and commercial loans as well as other financial services throughout the state of Wisconsin. Defendant's principal place of business is located in the State of Wisconsin.

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV. ALLEGATIONS

8. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

10. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

11. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit with Defendant. Specifically, Plaintiff asserts that he has complied with the terms of the loan agreement, made all payments on time, and was not subject to the account being charged off or written off. (hereinafter "the inaccurate information")

12. Despite the foregoing, Defendant has disseminated information that the account was charged off and over $80,000 was written off as a bad debt.

13. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

14. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

15. In September of 2019 Plaintiff disputed the inaccurate information with Trans Union, LLC (hereinafter, "Trans Union) by written communication to its respective representatives and by following the aforementioned reporting agency's established procedures for disputing consumer credit information.

16. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Trans Union, Trans Union notified Defendant that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

17. Defendant received notification from Trans Union that Plaintiff disputed the inaccurate information and the nature of Plaintiff's dispute.

18. Upon information and belief, Defendant received from Trans Union, notice of Plaintiff's dispute by an Automated Consumer Dispute Verification Notice.

19. Upon information and belief, Defendant received from Trans Union additional information and documentation that Trans Union had received from Plaintiff relative to and in support of Plaintiff's dispute.

20. Defendant then and there owed Plaintiff a duty to assist Trans Union in a re-investigation into the disputed information being reported about Plaintiff by Defendant.

21. Notwithstanding Plaintiff's efforts and Defendant's duties, Defendant continued to publish and disseminate such inaccurate information to various credit reporting agencies.

22. Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove and/or correct the inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

23. Plaintiff's credit reports and file have been obtained from Defendant and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

24. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the forms of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

25. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

26. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

27. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

b. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to this Defendant;

c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

f. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

28. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V. JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEITH BOYE, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Punitive damages;

d. Plaintiff's attorneys' fees and costs; and,

e. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**KEITH BOYE**

By:    s/ David M. Marco<br>
Attorney for Plaintiff

Dated: October 15, 2020

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithmarco.com